IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marion Benjamin Powell, | ) | Case No. 2:21-cv-02720-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Corrections, Bryan Stirling, Dexter Lee, | ) | |
| Willie Davis, Joe Anderson, Dennis | ) | |
| Patterson, Jona Hollis, Terrie Wallace, | ) | |
| and Sherman L. Anderson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 86. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On May 2, 2022, Defendants filed a Motion for Summary Judgment. ECF No. 86. On May 3, 2022, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 87. Plaintiff filed a Response in Opposition.[1] ECF No. 134. On January 17, 2023, the Magistrate Judge issued a

---

[1] Plaintiff originally filed a Response in Opposition to Defendants' Motion on May 26, 2022. ECF No. 97. Subsequently, Plaintiff filed a Motion to Compel, asserting that more discovery was needed to adequately respond to Defendants' Motion. ECF No. 100. The Magistrate Judge ordered Defendants to produce supplemental discovery. ECF No.

Report recommending that even if Plaintiff's claim for injunctive relief survives against Defendant Joel Anderson,[2] Plaintiff's transfer to Perry Correctional Institution ("Perry") rendered his claim moot, and Defendants' Motion for Summary Judgment should be granted.  ECF No. 146.  Plaintiff filed Objections to the Report.  ECF No. 151.

Neither party has objected to the Magistrate Judge's thorough recitation of the facts as alleged in the Amended Complaint, and it is incorporated herein by reference. *See* ECF No. 146 at 2–3.

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

---

116.  Plaintiff was provided additional time to file a supplemental response to Defendants' Motion for Summary Judgment after receiving the additional discovery and after certain legal documents were misplaced when he moved dorms at his correctional facility.  ECF Nos. 125, 132.

[2] The Magistrate Judge notes that, while the Amended Complaint captions this defendant as "Joe Anderson," the record identifies this defendant as "Joel Anderson." ECF No. 146 n.1.

that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **DISCUSSION**

Plaintiff objects to the Magistrate Judge's finding that his claim against Defendant Joel Anderson is moot as a result of his transfer to Perry because he is still being housed in solitary confinement. ECF No. 151 at 1, 3.[3] Upon review, the Court finds the Magistrate Judge thoroughly evaluated and considered Plaintiff's claims regarding his conditions of confinement. Plaintiff's claims in this lawsuit are based on his housing conditions while incarcerated at Kirkland Correctional Institution ("Kirkland") and include allegations that he has been in solitary confinement for an excessive period of time, that he does not have a window in his cell, that he does not have working heat, and that he is not permitted to have visitors. ECF No. 9 at 1. Now that Plaintiff has been transferred to Perry, he has failed to present any evidence that his current housing in solitary confinement at Perry results from the same policy or practice implemented at Kirkland.[4] Thus, the Court agrees

---

[3] Plaintiff's objection is specific as to the Magistrate Judge's finding of mootness but is otherwise general as to the complained of conditions of confinement. To the extent Plaintiff objects to the Magistrate Judge's finding of Eleventh Amendment immunity for all defendants except for Defendant Anderson, the Court has reviewed the record and adopts the Magistrate Judge's finding in this regard.

[4] The Court notes that Plaintiff has attached to his Objections numerous grievance documents relative to his housing at Perry. ECF No. 151-1. Even if these documents qualify as evidence by judicial notice, the grievance documents are directed to Warden Williams and seem to imply improper conduct on his part, claiming "he is abusing his discretion," although he is not a party to this case. *Id.* at 3. Further, while denial of visitation remains an issue, Plaintiff now complains of a lack of proper bedding, a desk or writing area, nutrition, and recreation as well as racism, intimidation, threats, and excessive strip searches, none of which were alleged in the Complaint in this case.

that Plaintiff's transfer to Perry has mooted his claims regarding his housing situation at Kirkland.

Further, liberally construing Plaintiff's Objections, the Court finds Plaintiff has failed to specifically object to the remainder of the Report. However, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, the applicable law, and the Magistrate Judge's Report. Having done so, the Court agrees with the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment should be granted.

## **CONCLUSION**

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections [151] and **ADOPTS** the Report [146]. Accordingly, Defendants' Motion for Summary Judgment [86] is **GRANTED**. Should Plaintiff believe his current conditions of confinement at Perry are in violation of his constitutional rights, he is free to file a new lawsuit alleging such claims.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 20, 2023
Spartanburg, South Carolina